AUSA RACHEL CANNON 312-353-5357

U8AO 91 (REV.5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ALAN K. CHERRY

MAGISTRATE JUDGE KEYS

CRIMINAL COMPLAINT

CASE NUMBER: 03CR1049

FILED NOV - 4 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED NOV 1 4 2003

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 6, 2003, in Will County, in the Northern District of Illinois, Eastern Division, defendant, who had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely a Glock, .45 caliber, model 36 semi-automatic handgun, bearing serial number DCA292US, which firearm was in and affecting interstate commerce, in that the firearm had traveled in interstate commerce prior to defendant's possession of it;

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof: _X_ Yes ___ No

_____
Donna McDowell Mullen
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Signature of Complainant

Sworn to before me and subscribed in my presence,

November 4, 2003                at         Chicago, Illinois
Date                                       City and State

Arlander Keys                              _____
Name & Title of Judicial Officer           Signature of Judicial Officer

STATE OF ILLINOIS )
)
COUNTY OF COOK )

## AFFIDAVIT

I, Donna McDowell Mullen, being duly sworn on oath, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for 19 years. I am assigned to the Downers Grove I Group within the Chicago Field Division. I have received training in, and have experience with, violations of federal firearms laws, including the offenses of (1) possession of stolen firearms, and (2) felons in possession of firearms. This affidavit is based on information given to me by other law enforcement officers and information I gathered during the investigation into Alan K. Cherry.

2. On May 6, 2003, officers from the Joliet Police Department curbed the vehicle Alan K. Cherry ("Cherry") was driving after they observed him speeding and failing to use his turn signal. Upon curbing Cherry, officers learned he did not have proof of insurance, and smelled the odor of cannabis. Officers then detected a bag of suspect cannabis in Cherry's pocket.[1] At this time, he was placed under arrest.

3. Prior to towing the vehicle Cherry was driving, officers conducted an inventory search of it. During this search, officers recovered from the trunk a semi-automatic pistol, identified as a Glock, .45 caliber, model 36, bearing serial number DCA292US. This handgun was loaded with six .45 caliber rounds, and it was 1 of 31 guns stolen

---

[1] This bag contained of a total of 6 smaller bags, which were each filled with suspect cannabis, and which field-tested positive at the police station for the probable presence of cannabis. These bags were subsequently sent to the Illinois State Police crime lab for testing and analysis, where they were found to have a total weight of 7.6 grams, and did in fact test positive for the presence of cannabis.

during a burglary from Rink's Gun and Sport in Lockport, Illinois, sometime during the night of October 15th-16th, 2002. Officers further recovered from the trunk a Glock, model 36, single-stack magazine, loaded with five .45 caliber rounds, and a black holster with a magazine pouch and metal clip. Officers also recovered from throughout the car numerous cellular telephones.

4. Upon arresting Cherry, officers *Mirandized* him. Cherry then signed a waiver-of-rights form and agreed to be interviewed. During the ensuing interview, Cherry admitted that the recovered firearm was his. He admitted that he had purchased the gun in Joliet for $300 approximately six months before his arrest, and that he knew the firearm had previously been stolen.

5. Prior to Cherry's arrest on May 6, 2003, he had been convicted of a felony in Illinois state court. Specifically, Cherry had previously been convicted of unlawful use of a weapon by a felon, in case number 00 CF 1027, and sentenced to 4 years in the Illinois Department of Corrections.

6. According to ATF investigation, the gun Cherry possessed, a Glock, .45 caliber, model 36 semi-automatic handgun, bearing serial number DCA292US, was not manufactured in the state of Illinois. Therefore, the weapon would have to have traveled in interstate commerce to arrive in Illinois, where Cherry was found to be in possession of it.

7. Based upon these facts, I have probable cause to believe that on May 6, 2003, Alan Cherry, a convicted felon, knowingly possessed a Glock, .45 caliber, model 36

semi-automatic handgun, bearing serial number DCA292US, which had previously traveled in interstate commerce in violation of 18 USC § 922(g)(1).[2]

FURTHER AFFIANT SAYETH NOT.

*Donna McDowell Mullen*
Donna McDowell Mullen, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this
4th day of November, 2003.

_____
ARLANDER KEYS
UNITED STATES MAGISTRATE JUDGE

---

[2] Cherry is currently facing felony gun charges in Will County state court as a result of this arrest.