DOCKETED
JUN 2 5 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 4 2004
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 03 CR 1049 |
| v. | ) | |
| | ) | Hon. Milton I. Shadur |
| ALAN K. CHERRY | ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, ALAN K. CHERRY, and his attorney, IMANI CHIPHE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in case 03 CR 1049.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand, or cause of action whatsoever of the United States or its agencies. Moreover, this Plea Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities except as expressly set forth in this Plea Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, ALAN K. CHERRY, and his attorney, IMANI CHIPHE, have agreed upon the following:

1. The defendant acknowledges that he has been charged in the indictment in this case with being a felon in possession of a firearm in violation of Title 18, United States Code, Section

41

922(g)(1) (Count One), and possessing a stolen firearm in violation of Title 18, United States Code, Section 922(j) (Count Two).

2. The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

4. The defendant will enter a voluntary plea of guilty to Count One of the indictment in this case.

5. The defendant will plead guilty because he is in fact guilty of the charge contained Count One. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about May 6, 2003, in Joliet, Illinois, the defendant, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, namely, a Glock .45-caliber, model 36 semi-automatic handgun, bearing serial number DCA292US, which firearm was in and affecting interstate commerce in that it had traveled in interstate commerce prior to the defendant's possession of it.

Specifically, on May 6, 2003, the defendant was driving a car on Interstate 80 in Joliet, Illinois when he was pulled over by the police for committing traffic violations. At the time, the defendant knowingly possessed the gun described above in the trunk of the car. The defendant knew that the gun was in the trunk, and it was his gun. The defendant had bought the gun about six months earlier and ~~knew~~ acknowledges I.C. at the time of his purchase that the gun was stolen. The gun had previously been stolen from Rink's Gun Shop in Lockport, Illinois during a burglary on October 16, 2002 in

2

which approximately 31 guns were stolen. The gun was manufactured outside the State of Illinois and therefore had traveled in interstate commerce at the time the defendant possessed it. The defendant also knowingly possessed the following ammunition in the car, which ammunition fit the gun described above and was related to and involved in the defendant's knowing possession of the gun: two Glock model 36 single-stack magazines and 11 live .45-caliber rounds.

Prior to May 6, 2003, the defendant was convicted of at least two felony offenses – aggravated battery on or about July 28, 1997, and unlawful use of a firearm by a felon on or about January 24, 2001.

6. For purposes of applying the Guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a) The base offense level is 20 pursuant to Guidelines Section 2K2.1(a)(4)(A), because the defendant committed the offense of conviction after being convicted of a felony crime of violence, as set out in sub-paragraph (e) below.

(b) The offense level is increased by two levels pursuant to Guidelines Section 2K2.1(b)(4) because the firearm that the defendant possessed was stolen.

(c) The defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guidelines Section 3E1.1, a two-level reduction in the offense level is appropriate.

(d) The defendant has notified the government timely of his intention to enter a

plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, within the meaning of Guidelines Section 3E1.1(b). Therefore, at the time of sentencing, the government will move for an additional one-level reduction in the offense level, provided that the Court determines the offense level to be 16 or greater prior to the operation of Guidelines Section 3E1.1(a).

(e) On or about July 28, 1997, the defendant was convicted in the Circuit Court of Will County of aggravated battery and was sentenced to two years' probation. This conviction counts for one criminal history point pursuant to Guidelines Section 4A1.1(a).

(f) On or about January 24, 2001, the defendant was convicted in the Circuit Court of Will County of unlawful use of a firearm by a felon and was sentenced to four years' imprisonment. This conviction counts for three criminal history points pursuant to Guidelines Section 4A1.1(a).

(g) Based on the facts known to the government and stipulated in sub-paragraphs (e) and (f) above, the defendant has four criminal history points, and he is in criminal history category III.

(h) Therefore, at an adjusted offense level of 19 and criminal history category III, the preliminary, predicted Guidelines imprisonment range is 37-46 months.

(i) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and are based on facts known to the government as of the time of this Plea Agreement. The defendant understands that the Probation Department will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation.

Accordingly, the validity of this Plea Agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the Probation Office and/or the Court setting forth the disagreement as to the correct Guidelines and their application. The validity of this Plea Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8. The defendant understands that the offense to which he is pleading guilty carries the following maximum penalties: ten years' imprisonment, a $250,000 fine, a term of supervised release of three years, and any restitution ordered by the Court.

9. The defendant understands that in accord with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the count to which he has pleaded guilty, in addition to any other penalty imposed. The defendant understands that the government will request that the Court order the defendant to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that

the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    (b) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict him unless, after hearing all the evidence and considering each count separately, it was persuaded of the defendant's guilt beyond a reasonable doubt.

    (c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence and considering each count separately, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

    (d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    (e) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

11. The defendant understands that by pleading guilty he is waiving all the rights set forth in paragraph 10. The defendant's attorney has explained those rights to him and the consequences of his waiver of those rights. The defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, with the exception of the pre-trial issue specifically listed in paragraph 12, and may only appeal that pre-trial issue, the validity of this plea of guilty, or the sentence.

12. The government agrees that the defendant's plea of guilty is entered pursuant to the terms of Fed. R. Crim. P. 11(a)(2). Pursuant to that Rule, the parties agree that the defendant, with the consent of the Court, may enter a conditional plea of guilty, reserving his right to appeal only the Court's order of March 26, 2004, denying his pretrial motion to suppress evidence. Only in the event of a reversal of that decision will the defendant be permitted to withdraw his plea. The government does not consent to an appeal on any other issue. The defendant acknowledges that in the event of a reversal of the Court's order denying the motion to suppress, the government may reinstate and prosecute any charges against the defendant, including but not limited to the charge to which he is pleading guilty under this Plea Agreement, and any perjury or other charges arising out of any suppression hearing. The defendant understands that the Court decides whether or not to approve the entry of this conditional plea under Fed. R. Crim. P. 11(a)(2).

13. The defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

14. The defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of the defendant's conduct regarding the charges against him and related matters, including all matters in

aggravation and mitigation relevant to the issue of sentencing.

15. At the time of sentencing, the parties are free to recommend to the Court any sentence that is within the applicable Guidelines range. The parties agree that they will not seek a departure from the applicable Guidelines range.

16. After sentence has been imposed on the count to which the defendant pleads guilty as agreed herein, the government will move to dismiss Count Two of the indictment.

17. The Forfeiture Allegation in the indictment charges that the defendant has subjected to forfeiture the following property as a result of his violation of Title 18, United States Code, Section 922(g)(1), as charged in Count One: one Glock .45-caliber, model 36 semi-automatic handgun, bearing serial number DCA292US; two Glock model 36 single-stack magazines; 11 live .45-caliber rounds; and one holster with magazine pouch and metal clip. By entry of a guilty plea to Count One, the defendant understands and agrees that this property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1). Prior to sentencing, the defendant agrees to the entry of a preliminary order of forfeiture relinquishing all right, title, and interest he has in the above property and agrees to an order of destruction regarding the firearm at the time of sentencing.

18. The defendant understands that his duty to comply with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and that the failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. He further understands that in the event he violates this Plea Agreement, the government, at its option, may move to resentence the defendant or to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement. The defendant

understands and agrees that in the event this Plea Agreement is breached by the defendant, and the government elects to vacate the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

19. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause the defendant to plead guilty.

20. The defendant agrees that this Plea Agreement shall be filed and become a part of the record in this case.

21. Should the judge refuse to accept the defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

22. The defendant acknowledges that he has read this Plea Agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands

and voluntarily accepts each and every term and condition of this Plea Agreement.

AGREED THIS DATE: _June 24, 2004_

_____
PATRICK J. FITZGERALD
United States Attorney

_____
RACHEL M. CANNON
DAVID H. HOFFMAN
Assistant United States Attorneys

_____
ALAN K. CHERRY
Defendant

_____
IMANI CHIPHE
Attorney for Defendant